UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| KEVIN BERRY,<br><br>Plaintiff,<br><br>vs.<br><br>BRENT FLUKE, and ATTORNEY GENERAL FOR THE STATE OF SOUTH DAKOTA,<br><br>Defendants. | 4:19-CV-04188-RAL<br><br><br>OPINION AND ORDER GRANTING IN PART MOTION TO DISMISS |

Petitioner Kevin Berry filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254. Doc. 1. Respondents Brent Fluke and the Attorney General for the State of South Dakota moved to dismiss Berry's petition, arguing that his claims are procedurally defaulted. Docs. 4, 5. For the reasons explained below, this Court grants the Respondents' motion in part.

I.  **Facts**[1]

---

[1] This Court has taken judicial notice of the state court records from Berry's criminal case and two state habeas cases. See Miller v. Young, 18-CV-04137-KES, 2019 WL 4935491, at *5 (D.S.D. Feb. 5, 2019) (taking judicial notice of state court records on a motion to dismiss a habeas petition). This Court previously has taken judicial notice of state court records in a § 2254 case, but first gave the parties a chance to object in accordance with Federal Rule of Evidence 201(e). See Blakney v. Young, 4:17-CV-04022-RAL, 2019 WL 1388628, at *2 (D.S.D. Mar. 27, 2019); Fed. R. Evid. 201(e) ("On timely request, a party is entitled to be heard on the propriety of taking judicial notice and the nature of the fact to be noticed. If the court takes judicial notice before notifying a party, the party, on request, is still entitled to be heard."). Rather than delaying this decision further to allow parties to be heard first on taking judicial notice of state court records, this Court enters this opinion and order but will allow either party to object to the taking of judicial notice and to provide reason for any such objection.

1

Berry was arrested in the fall of 2016 for the alleged rape of his minor daughter, K.M.B. A grand jury charged him with first-degree rape; three counts of second-degree rape; three counts of aggravated incest; solicitation of a minor; and three counts of simple assault. Berry entered into a plea agreement and appeared before State Circuit Court Judge Susan Sabers for a change of plea hearing. As part of the plea agreement, the prosecutor filed a complaint and an information charging Berry with attempted sexual contact with a child under age sixteen and abuse or cruelty to a minor. The plea agreement capped the sentence for attempted sexual contact at five years and the sentence for abuse or cruelty to a minor at seven-and-a-half years. It gave the court discretion to make the sentences concurrent or consecutive. At the change of plea hearing, Judge Sabers advised Berry of the charges to which he was pleading guilty and the State provided a factual basis for the charges. Berry entered an Alford plea[2] to attempted sexual contact with a child under age sixteen and a guilty plea to abuse or cruelty to a minor.[3] Judge Sabers accepted the pleas after confirming that Berry understood that an Alford plea operates as a guilty plea. She sentenced Berry to twelve-and-a-half years in prison.

---

[2] Named after the Supreme Court's decision in North Carolina v. Alford, 400 U.S. 25 (1970), an Alford plea permits a defendant to plead guilty while maintaining his innocence. Berry's amended judgment and sentence state that he pleaded nolo contendere to attempted sexual contact with a child under age 16. At the change-of-plea hearing, however, Berry said that he was entering an Alford plea and maintained that he did not do anything "sexual" with K.M.B. Alford and nolo contendere pleas are similar, but some courts distinguish them on the ground that an Alford plea asserts innocence whereas a nolo contendere plea refuses to admit guilt. United States v. Mancinas-Flores, 588 F.3d 677, 681 (9th Cir. 2009); United States v. Tunning, 69 F.3d 107, 110–111 (6th Cir. 1995).

[3] Berry's amended judgment is unclear about the type of plea he entered to the charge of abuse or cruelty to a minor. It says that he entered his "plea of nolo contendere to the charges in the Information: COUNT 1 ATTEMPTED SEXUAL CONTACT WITH CHILD UNDER AGE 16 (SDCL 22-22-7 AND 22-4-1) AND GUILTY TO COUNT 2 ABUSE OR CRUELTY TO A MINOR (SDCL 26-10-1)." At the change of plea hearing, Berry initially said he was entering an Alford plea to the abuse or cruelty to a minor charge, but then admitted that he "smacked" K.M.B. several times. Based on this admission, Judge Sabers appears to have accepted Berry's plea to abuse or cruelty to a minor as a guilty plea.

2

Berry appealed his conviction and sentence to the Supreme Court of South Dakota; his sole argument was that there was an insufficient factual basis for his Alford plea to attempted sexual contact with a child under age sixteen. The Supreme Court of South Dakota summarily affirmed Berry's conviction in September 2018, finding his appeal "without merit."

Berry filed a petition for habeas corpus in state court in October 2018. See State CIV 18-3398.[4] He alleged that his defense attorney was ineffective by allowing him to enter an Alford plea and by failing to consult with him about his direct appeal, failing to inform the court of the State's "mistake" in the information, and failing to provide him with a copy of the information. Berry also alleged that there was insufficient evidence to support his conviction for abuse or cruelty to a minor between March 2013 and March 2015 as charged in the information; that Judge Sabers erred by accepting his plea to abuse or cruelty to a minor without establishing a factual basis for that offense; and that his rights were violated because he was convicted of two crimes for "one incident which happened in Nov. 2016 and the other was alleged to have happened on Oct. 22nd and October 29."

In March 2019, State Circuit Court Judge Douglas E. Hoffman issued an order dismissing Berry's habeas petition as frivolous. Berry moved for a certificate of probable cause, but Judge Hoffman denied the motion on April 17, 2019. Berry did not file a separate motion for a certificate of probable cause with the Supreme Court of South Dakota within the twenty-day window allowed by state law. See SDCL § 21-27-18.1 (explaining that when a circuit court judge refuses to issue a certificate of probable cause, the petitioner may file a "separate motion for issuance of a certificate of probable cause with the Supreme Court within twenty days of the entry of the circuit judge's refusal").

---

[4]State CIV 18-3398 is the docket number assigned to Berry's October 2018 state habeas case.

3

On August 8, 2019, State Circuit Court Judge Sandra H. Hanson issued an order in State CIV 18-3398 denying Berry leave to file a second habeas petition. On August 15, 2019, Berry filed a letter in State CIV 18-3398 citing to SDCL § 21-27-18.1 and stating that he wanted to file an appeal to the Supreme Court of South Dakota concerning a certificate of probable cause. Berry wrote that he had not received a copy of the April 17, 2019 order denying his motion for a certificate of probable cause and that he had only learned of the denial when Judge Hanson mentioned it in her August 8 order denying him leave to file a second habeas petition.

On August 15, 2019, Berry filed another habeas case in state court, this time claiming that the Department of Corrections Central Records was applying his sentences in the incorrect order. See State CIV 19-2547. Judge Hanson dismissed this petition in September 2019, finding Berry's claims were beyond the scope of habeas review.

Berry filed his habeas petition before this Court on November 15, 2019. Doc. 1. He raised four grounds for relief:

> I. That his Alford plea to attempted sexual contact with a minor lacked a sufficient factual basis.
> II. That the State violated his rights under the Double Jeopardy Clause because he was convicted "for two different crimes when only one criminal transaction was alleged by the victim." Doc. 1 at 7.
> III. That his trial counsel was ineffective by failing to give him the complaint and information, failing to inform him of the factual basis of the charges to which he pleaded guilty, failing to inform him of his right to appeal, failing to catch a mistake in the information, failing to provide him with all of the discovery, and failing to interview witnesses.
> IV. That there was insufficient evidence to support his conviction for abuse or cruelty to a minor during the timeframe alleged in the information.

Docs. 1, 1-1.

The State moved to dismiss Berry's petition, arguing that his claims are procedurally defaulted because he failed to file a timely motion for a certificate of probable cause with the Supreme Court of South Dakota. Docs. 4, 5.

4

## II. Discussion

### A. Exhaustion and Procedural Default

Section 2254 of Title 28 allows a state inmate to collaterally attack his conviction and sentence as contrary to the United States Constitution, but the inmate first must exhaust through available state courts his Constitution-based claims for relief. Under § 2254, a federal court cannot grant a writ of habeas corpus to a "person in custody pursuant to the judgment of a State court," unless the "applicant has exhausted the remedies available in the courts of the State," or unless "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). "[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). "Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding does it make sense to speak of the exhaustion of state remedies." Picard v. Connor, 404 U.S. 270, 276 (1971). The exhaustion requirement protects the state courts' role in enforcing federal law, allows state courts the first opportunity to correct possible constitutional defects in state court convictions, and prevents the potentially "unseemly" disruption of state judicial proceedings through premature federal court intervention. Rose v. Lundy, 455 U.S. 509, 518 (1982) (quoting Darr v. Burford, 339 U.S. 200, 204 (1950)).

These interests in comity and federalism also underlie the procedural default doctrine. Davila v. Davis, 137 S. Ct. 2058, 2064 (2017). Procedural default occurs when a prisoner does not properly exhaust his claims in state court and is now barred from doing so because of his failure to follow the state's procedural rules. Abdullah v. Groose, 75 F.3d 408, 411 (8th Cir. 1996) (en banc); Wiegers v. Weber, 37 F. App'x 218, 219–20 (8th Cir. 2002) (per curiam). If the

petitioner is barred from raising his claims because "untimeliness or some other state procedural hurdle" prevents him from doing so, then he has technically exhausted his state court remedies as there are no longer any such remedies available to him. Grass v. Reitz, 643 F.3d 579, 584 (8th Cir. 2011); see also Woodford v. Ngo, 548 U.S. 81, 92–93 (2006) ("In habeas, state-court remedies are described as having been 'exhausted' when they are no longer available, regardless of the reason for their unavailability."). Exhaustion in this sense, however, "does not automatically entitle the habeas petitioner to litigate his . . . claims in federal court." Woodford, 548 U.S. at 93. Rather, the petitioner's "procedural default may constitute an independent and adequate state ground barring federal habeas relief absent a showing of either cause and prejudice or actual innocence." Grass, 643 F.3d at 584 (cleaned up and internal citation omitted). The procedural default doctrine thus "ensures that the States' interest in correcting their own mistakes is respected in all federal habeas cases." Edwards v. Carpenter, 529 U.S. 446, 452–53 (2000) (citation omitted). With this law in mind, this Court turns to the claims in Berry's federal habeas petition.

### B. Berry Exhausted Ground I by Raising it on Direct Appeal

Berry has exhausted Ground I, his claim that there was an insufficient factual basis to support his Alford plea to attempted sexual contact with a child under age 16. Part of the exhaustion inquiry asks whether the petitioner fairly presented the issue to the state courts in a federal constitutional context. Satter v. Leapley, 977 F.2d 1259, 1262 (8th Cir. 1992). "To satisfy exhaustion requirements, a habeas petitioner who has, on direct appeal, raised a claim that is decided on its merits need not raise it again in a state post-conviction proceeding." Id. "A claim is considered exhausted when the petitioner has afforded the highest state court a fair opportunity to rule on the factual and theoretical substance of his claim." Ashker v. Leapley, 5 F.3d 1178,

1179 (8th Cir. 1993). "The petitioner must refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue." Id. (cleaned up and citation omitted). This does not, however, require the petitioner to cite "book and verse on the federal constitution." Picard, 404 U.S. at 278 (citation omitted). The petitioner must simply make apparent the constitutional substance of the claim. Satter, 977 F.2d at 1262.

Berry fairly presented Ground I of his petition in his direct appeal to the Supreme Court of South Dakota; he cited North Carolina v. Alford, 400 U.S. 25 (1970), and argued that his Alford plea to attempted sexual contact with a child under age 16 must be set aside because it was not supported by a "strong" factual basis. See Arrington v. Minnesota, Civ. No. 19-1377 (MJD/BRT), 2020 WL 2841874, at *1 (D. Minn. Mar. 24, 2020) (concluding that habeas petitioner fairly presented claim that his Alford plea lacked a sufficient factual basis by arguing in his state habeas petition that his Alford plea was invalid because there was insufficient evidence upon which a juror could convict), report and recommendation adopted, No. 19-1377 (MJD/BRT), 2020 WL 2840200 (June 1, 2020); Shepersky v. Wengler, Civil No. 09-2049 (PJS/SRN), 2010 WL 6367122, at *2, 7 (D. Minn. Sept. 10, 2010) (finding that habeas petitioner fairly presented claim that his Alford plea lacked a sufficient factual basis by citing North Carolina v. Alford to appellate court and attacking the factual basis for his Alford plea), report and recommendation adopted, No. 09-CV-2049 (PJS/SRN), 2011 WL 1189099 (D. Minn. Mar. 28, 2011). The State's motion to dismiss because of procedural default is denied as to Ground I of Berry's petition.

### C. Grounds II, III, and IV Are Procedurally Defaulted

Berry did not raise Grounds II, III, or IV in his direct appeal. To properly exhaust these claims, then, he needed to present them to the Supreme Court of South Dakota via a state habeas

petition. See Ashker, 5 F.3d at 1179 ("A claim is considered exhausted when the petitioner has afforded the highest state court a fair opportunity to rule on the factual and theoretical substance of his claim."); Wiegers, 37 F. App'x at 219 (concluding that a petitioner who failed to timely appeal the denial of his habeas petition had not given South Dakota "one full opportunity to resolve any constitutional issue by invoking one complete round of South Dakota's established appellate review process" (cleaned up and citation omitted)).

The State argues that Berry procedurally defaulted his claims because he failed to timely seek discretionary review by the Supreme Court of South Dakota after Judge Hoffman dismissed his habeas petition. A state habeas petitioner in South Dakota cannot appeal the dismissal of his petition unless the circuit judge or a justice of the Supreme Court of South Dakota "issues a certificate of probable cause that an appealable issue exists." SDCL § 21-27-18.1. Under § 21-27-18.1, the petitioner has thirty days from the date of final judgment to seek a certificate of probable cause from the circuit judge. Id. If the circuit judge refuses to issue a certificate of probable cause, the petitioner may "file a separate motion for issuance of a certificate of probable cause with the Supreme Court within twenty days of the entry of the circuit judge's refusal." Id.

State rules like § 21-27-18.1 will not bar a habeas claim unless they are "firmly established, regularly followed, and readily ascertainable." White v. Bowersox, 206 F.3d 776, 780 (8th Cir. 2000); see also Sloan v. Delo, 54 F.3d 1371, 1379–80 (8th Cir. 1995) (explaining that a state law is "adequate" to bar federal habeas review if the rule is clear, does not "thwart the assertion of federal rights," and is firmly established and regularly followed (citation omitted)). The Supreme Court of South Dakota regularly enforces § 21-27-18.1; it has dismissed untimely motions for a certificate of probable cause, Hannon v. Weber, 638 N.W.2d 48, 50 (S.D. 2001) (per curiam) (explaining that the court "dismisses motions for certificate of probable cause that

are untimely filed" even when the motions "are filed only one day late"), and refused to consider an issue because the petitioner, having been denied a certificate of probable cause on the issue by the circuit judge, failed to "file a separate motion with" the court requesting a certificate, White v. Weber, 768 N.W.2d 144, 149 (S.D. 2009) (holding that the court did have jurisdiction to consider the issue). This Court previously has concluded that § 21-27-18.1's requirement that state habeas petitioners file a timely motion for a certificate of probable cause with the Supreme Court of South Dakota is an independent and adequate state law ground that bars federal review. Thielsen v. Weber, No. Civ. 10-1029-RAL, 2012 WL 844704, at *3 (D.S.D. Mar. 12, 2012); Two Eagle v. Weber, No. CIV. 10-5035-JLV, 2011 WL 5914021, at *9–10 (D.S.D. Mar. 15, 2011) (holding that state habeas petitioner's claims were procedurally defaulted because he failed to request a certificate of probable cause from the Supreme Court of South Dakota), report and recommendation adopted, No. CIV. 10-5035-JLV, 2011 WL 5914060 (D.S.D. Nov. 28, 2011); see also Wiegers, 37 F. App'x at 219–20 (concluding that prisoner procedurally defaulted his claims by failing to timely appeal the circuit judge's denial of his habeas petition to the Supreme Court of South Dakota).[5]

---

[5] Berry's situation differs from the situation in Graham v. Weber, No. CIV 13-4100, 2014 WL 878098 (D.S.D. Mar. 5, 2014), where this Court found the Supreme Court of South Dakota's particular application of § 21-27-18.1 not to be a firmly established and regularly followed procedural rule. Section 21-27-18.1 states that "[a]ny party filing a motion with the Supreme Court shall serve a copy of the motion upon the opposing party, who shall have ten days to respond." The last sentence of § 21-27-18.1 then states "[s]ervice of either a motion for a certificate of probable cause or of an appeal must be made upon both the attorney general and the appropriate state's attorney when the motion is made or the appeal is taken by the party seeking the habeas corpus relief." The Supreme Court of South Dakota in Graham dismissed the petitioner's timely motion for a certificate of probable cause because the petitioner failed to simultaneously file and serve the motion. Judge Lawrence L. Piersol held in Graham that this approach by the Supreme Court of South Dakota was not firmly established or regularly followed because there were no other cases dismissing a motion for a certificate of probable cause simply due to not being served at the time of filing. Id. at *3. This case is different from Graham because while § 21-27-18.1 is somewhat confusing concerning when service must be made, its language is clear that motions for

9

Berry did not file a separate motion for a certificate of probable cause with the Supreme Court of South Dakota within twenty days of Judge Hoffman's refusal to issue a certificate. In the August 15, 2019, letter Berry filed in CIV-18-3398, however, he claimed that he had not received a copy of the April 17, 2019 order denying his motion for a certificate of probable cause and that he had only learned of the denial when Judge Hanson mentioned it in her August 8 order. Berry referenced § 21-27-18.1 in the letter and wrote that he wished to file an appeal to the Supreme Court of South Dakota concerning a certificate of probable cause.

Berry now argues that the August 15 letter constitutes a motion for a certificate of probable cause filed with the Supreme Court of South Dakota. He appears to believe that the letter was timely because he filed it ostensibly within twenty days of learning that his motion for a certificate of probable cause was denied. Berry's argument ignores the plain language of § 21-27-18.1. Again, that statute states that the petitioner must "file a *separate* motion for issuance of a certificate of probable cause *with* the Supreme Court." § 21-27-18.1 (emphasis added). Berry failed to comply with this requirement because he sent his August 15 letter to the state court clerk rather than filing it with the Supreme Court of South Dakota. See Joyner v. Dooley, No. 11-5047-JLV, 2011 WL 8194280, at *12 n.12 (D.S.D. Nov. 9, 2011) (quoting § 21-27-18.1 and concluding that "it would appear that filing one's request [for a certificate of probable cause] with the circuit court is not effective under South Dakota law"), report and recommendation adopted as modified, No. CIV. 11-5047-JLV, 2012 WL 2787154 (D.S.D. July 9, 2012). Because Berry never filed a

---

a certificate of probable cause must be filed with the Supreme Court of South Dakota. Moreover, there have been cases from the Supreme Court of South Dakota dismissing motions for a certificate of probable cause for being untimely as well as a case where the court refused to consider an issue because the petitioner, having been denied a certificate of probable cause on the issue by the circuit judge, failed to "file a separate motion with" the court requesting a certificate. White, 768 N.W.2d at 149.

10

motion for a certificate of probable cause with the Supreme Court of South Dakota and that court would now find such a motion untimely, he has procedurally defaulted on the claims in his state habeas petition. See Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991) (explaining that procedural default exists when the "petitioner failed to exhaust state court remedies and the to court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred"). Berry's procedural default bars this Court from considering the claims raised in Grounds II, III, and IV of his federal habeas petition unless he can show either cause and prejudice or actual innocence. Grass, 643 F.3d at 584.

### D. Berry Cannot Show Cause and Prejudice or Actual Innocence

To establish cause to excuse his procedural default, Berry must "show that some objective factor external to the defense impeded [his] efforts to comply with the State's procedural rule." Davila, 137 S. Ct. at 2065 (citation omitted). "A factor is external to the defense if it cannot fairly be attributed to the prisoner." Id. (cleaned up and citation omitted). The record here suggests that there are two possibilities for showing cause: a lack of counsel at the initial-review stage of Berry's state habeas case and his alleged failure to receive notice of the April 17, 2019 order denying his motion for a certificate of probable cause.

The Supreme Court in Martinez v. Ryan, 566 U.S. 1 (2012), recognized a narrow exception to the general rule that ineffective assistance of counsel in state postconviction proceedings does not qualify as cause to excuse a procedural default. Under this exception, courts may find cause to excuse procedural default of a "substantial" claim of ineffective assistance of counsel at trial when state law requires prisoners to raise such claims at the initial-review stage of collateral proceedings and the "cause" consists of there being no counsel or "ineffective"

11

counsel during this collateral proceeding. Trevino v. Thaler, 569 U.S. 413, 423 (2013). The Martinez exception does not apply to errors that occur after "the first occasion the State allows a prisoner to raise a claim of ineffective assistance at trial," including "appeals from initial-review collateral proceedings . . . and petitions for discretionary review in a State's appellate courts." Martinez, 566 U.S. at 16; see also Arnold v. Dormire, 675 F.3d 1082, 1087 (8th Cir. 2012) (holding that counsel's failure to appeal the denial of a prisoner's state habeas petition did not constitute cause to excuse the prisoner's procedural default). Here, Berry's claims were properly raised and considered during the first available collateral review proceeding in state court. Berry did not default on his claims until after this initial review when he failed to seek a certificate of probable cause from the Supreme Court of South Dakota. As such, Berry's lack of counsel during the initial-review collateral proceeding cannot serve as cause to excuse his default. Miller v. Young, 4:18-CV-04137-KES, 2019 WL 3941256, at *5 (D.S.D. Aug. 21, 2019) (holding that habeas counsel's failure to pursue a certificate of probable cause from the Supreme Court of South Dakota did not excuse the petitioner's procedural default).

The other way Berry could potentially establish cause is if the state court system failed to notify him of the order denying his motion for a certificate of probable cause. Mistakes by courts or the clerk's office may constitute cause to excuse a petitioner's procedural default. See Hartman v. Bagley, 492 F.3d 347, 358 (6th Cir. 2007) (concluding that petitioner established cause for failure to timely appeal the denial of his state habeas petition where docket showed that copy of denial was sent only to petitioner, not his attorney, and where affidavit showed that no legal mail for the petitioner was received by the prison); Johnson v. Champion, 288 F.3d 1215, 1227–28 (10th Cir. 2002) (finding cause to excuse a procedural default where the clerk's failure to provide the petitioner with a certified court order made compliance with the state's procedural rules

"practically impossible"). As noted above, Berry claims that he never received a copy of the April 17, 2019 order denying his motion for a certificate of probable cause and that he only learned of the denial when Judge Hanson mentioned it in her August 8 order. Assuming this is true, Berry could not have complied with § 21-17-18.1 by filing a motion for a certificate of probable cause with the Supreme Court of South Dakota within twenty days of the April 17, 2019 order.

But even if cause to excuse Berry's procedural default exists, he must still demonstrate prejudice. To establish prejudice, Berry must show "not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." United States v. Frady, 456 U.S. 152, 170 (1982); Ivy v. Caspari, 173 F.3d 1136, 1141 (8th Cir. 1999) (stating same standard). Berry cannot meet this standard for any of his remaining claims.

Ground II of Berry's habeas petition alleges that the State violated his rights under the Double Jeopardy Clause because he was convicted and sentenced "for two different crimes when only one criminal transaction was alleged by the victim." Doc. 1 at 7. Berry's argument appears to be based on some discrepancies in the charging documents concerning the dates on which he committed abuse or cruelty to a minor. The State filed a complaint and an information against Berry on the day he pleaded guilty. The complaint alleged that Berry committed abuse or cruelty to a minor on or between March 16, 2013, and November 4, 2016. The information listed different dates for this offense, alleging that it occurred on or between March 16, 2013, and March 15, 2015. At the change of plea hearing, Judge Sabers read the dates alleged in the complaint—on or between March 16, 2013, and November 4, 2016—when describing the charge to Berry. Berry initially said he wanted to enter an Alford plea to both the attempted sexual contact charge and

13

the abuse or cruelty to a minor charge. The prosecutor then read the facts to support the plea, explaining among other things that K.M.B. had reported that Berry had hit her in the face on November 4, 2016, and had sexually abused her for the past five years. Berry's attorney replied that Berry would admit to striking K.M.B. with an open hand if "the Court would want to accept that as a factual basis for child abuse." Berry then admitted that he "smacked" K.M.B. "several times." Judge Sabers said she would accept Berry's plea to abuse or cruelty to a minor based on the record and his admission to "whacking" K.M.B.

Berry confusingly claims that his conviction for cruelty or abuse to a minor violates the Double Jeopardy Clause because he pleaded guilty to "two different statue [sic] violation[s] when only one criminal transaction was alleged by the victim." Doc. 1 at 7. Berry cannot show actual prejudice from an inability to raise this claim. The Double Jeopardy Clause protects defendants from "multiple punishments for the same criminal offense." United States v. Bennett, 44 F.3d 1364, 1368 (8th Cir. 1995). Attempted sexual contact with a child under age 16 and abuse or cruelty to a minor are not the same criminal offense; each requires proof of a fact which the other does not. See SDCL §§ 22-22-7, 26-10-1. And while Berry seems to contend that he was punished twice for the same conduct, that is not correct. The transcript of the change of plea hearing shows that Berry's conduct between March 2013 and March 2015 formed the basis for the attempted sexual contact with a child under age 16 charge and that Berry's striking K.M.B in November 2016 provided the basis for the abuse or cruelty to a minor charge. Berry's convictions and sentences for these two crimes did not violate the Double Jeopardy Clause.

Ground IV of Berry's habeas petition also relates to his conviction for abuse or cruelty to a minor. Berry argues that the evidence does not support that he committed this crime during the time frame alleged in the information. Again, the information alleged that Berry engaged in abuse

or cruelty to a minor on or between March 16, 2013, and March 15, 2015. Berry cannot show actual prejudice from his inability to raise this claim. The date of the offense is not an essential element the State was required to prove to convict Berry of abuse or cruelty to a minor,[6] see SDCL § 26-10-1, and the record from the change of plea hearing, including Berry's admission that he "smacked" KMB "several times," provides an adequate factual basis for Berry's guilty plea.[7] Moreover, Judge Sabers described this crime as occurring on or between March 16, 2013, and November 4, 2016, so Berry had notice of this timeframe before he pleaded guilty. Courts faced with similar facts have consistently declined to find a constitutional violation. See United States v. Moore, 639 F.3d 443, 447 (8th Cir. 2011) ("When the date of the offense is not an element of the charge, we have held on many occasions that a variance between the indictment date and the proof at trial is not fatal so long as the acts charged were committed within the statute of limitations period, and prior to the return date of the indictment." (citation omitted)). In any event, Berry pleaded guilty to abuse or cruelty to a minor, so there is no federal constitutional requirement that this plea have a factual basis. Wilson v. Missouri, No. 4:18 CV 612 (JMB), 2019 WL 3304712, at *3 (E.D. Mo. July 23, 2019) ("Unless there is a claim of innocence, as in an Alford plea, there is not a federal constitutional requirement that a guilty plea have a factual basis.").

---

[6]Berry argues that the date he abused K.M.B. is important because she was "over the age of 16" by November 2016. Doc. 1-1 at 1. He apparently believes that he could not be convicted of violating SDCL § 26-10-1 if K.M.B. was older than sixteen when he abused her. But that is not correct. A "minor" for purposes of § 26-10-1 is any person "under eighteen years of age." SDCL § 26-1-1. K.M.B. was born in March of 1999 and was still under eighteen years of age when Berry abused her in November 2016.

[7]Berry also admits to "smack[ing]" K.M.B. "several times" on Nov. 1, 2016, in his filings before this Court. Doc. 1-1 at 1.

Ground III of Berry's habeas petition alleges that his trial counsel was ineffective by failing to give him the complaint and information, failing to inform him of the factual basis of the charges to which he was pleading guilty, failing to inform him of his right to appeal, failing to catch a mistake in the information, failing to provide him with all of the discovery, and failing to interview witnesses. Berry cannot show that any of the failures alleged in Ground III worked to his actual and substantial disadvantage.

Berry's first two allegations—that counsel failed to give him the complaint and information and failed to inform him of the factual basis—suffer from at least two problems. First, Berry told Judge Sabers that he was satisfied with the advice and assistance of his attorney, and Berry's attorney told Judge Sabers that he had advised Berry of the nature of the charges and that he was satisfied that Berry understood them. As the Supreme Court explained, "the representations of the defendant, his lawyer, and the prosecutor [at a change of plea hearing], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73–74 (1977). Second, Judge Sabers read the charges aloud to Berry, Berry said he did not have any questions about what she told him,[8] and the factual basis for both charges was placed on the record. Thus, Berry did not suffer any prejudice even if his lawyer failed to provide him with the information and complaint and to inform him of the factual basis. See Aziz v. Litscher, 27 F. App'x 611, 613 (7th Cir. 2001) ("When a trial court explains the elements of the charge and the consequences of pleading guilty and the defendant acknowledges that he understands, the defendant has suffered no prejudice as a result of deficient performance by counsel in connection with the guilty plea.").

---

[8] Judge Sabers also found that Berry understood the nature of the charges against him.

16

Berry's next allegation—that his attorney failed to advise him of his right to appeal—is a nonstarter. Berry did appeal, so his attorney's alleged failure to inform him of this right did not cause him any prejudice.

Berry also alleges that his attorney provided ineffective assistance by failing to catch a "mistake" in the information. This Court assumes that Berry is referring to the information's allegation that the abuse or cruelty to a minor occurred on or between March 16, 2013, and March 15, 2015. Berry appears to argue that his attorney's failure to catch this mistake led to his rights under the Double Jeopardy Clause being violated. This alleged mistake did not cause Berry any prejudice. As explained already, Berry's convictions and sentences did not violate the Double Jeopardy Clause. And the outcome would have been no different if trial counsel had raised the mistake in the information; Judge Sabers simply would have corrected the erroneous date range and the change of plea hearing would have continued. See State v. Anderson, 546 N.W.2d 395, 398–400 (S.D. 1996) (explaining that a trial court can amend an indictment as to matters of form under both state and federal law).

Berry's last allegations are that his attorney provided ineffective assistance by failing to provide him with all of the discovery and failing to interview witnesses. Berry has not alleged any facts that would allow for the plausible inference that his attorney's failure to do these things worked to his actual and substantial disadvantage. Indeed, Berry does not give the names of any witness his attorney failed to interview or describe what any such witness would have said. Nor does he explain what discovery he didn't receive or how receiving this discovery would have changed his decision to plead guilty. Berry's conclusory allegations are not enough to show prejudice.

The only other way this Court can hear Berry's procedurally defaulted claims is if he shows actual innocence. Berry claims that he is innocent of the attempted sexual contact charge, but that is the extent of it. Bare claims like Berry's are not enough to show actual innocence. See Weeks v. Bowersox, 119 F.3d 1342, 1352–53 (8th Cir. 1997) (en banc) (holding that "mere allegations" of actual innocence are not sufficient to invoke the actual innocence gateway to habeas review of procedurally defaulted claims).

### III. Conclusion

For the reasons explained above, it is hereby

ORDERED that the Respondents' Motion to Dismiss Petitioner's Application for Writ of Habeas Corpus, Doc. 4, is denied as to Ground I of Berry's petition. The Respondents' motion to dismiss is granted as to all other claims in Berry's petition. It is further

ORDERED that no certificate of appealability shall issue. It is further

ORDERED that the Respondents shall have 30 days within which to answer Berry's petition.

DATED this 3rd day of November, 2020.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE