UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| KEVIN BERRY,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>BRENT FLUKE, ATTORNEY GENERAL FOR THE STATE OF SOUTH DAKOTA,<br><br>　　　　　　Defendants. | 4:19-CV-04188-RAL<br><br><br>OPINION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT |

Petitioner Kevin Berry filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254. Doc. 1. This Court previously ruled that Berry had exhausted his claim that his Alford plea to a sex crime lacked a sufficient factual basis, but that Berry had procedurally defaulted on the other claims in his petition. Doc. 7. Respondents Brent Fluke and the Attorney General for the State of South Dakota now move for summary judgment on Berry's remaining claim. Doc. 13. This Court grants the motion because the Supreme Court of South Dakota's resolution of Berry's claim was not contrary to or an unreasonable application of clearly established federal law.

I.　　Facts[1]

Berry was arrested in the fall of 2016 for the alleged rape of his minor daughter, K.M.B. A grand jury indicted him for first-degree rape; three counts of second-degree rape; three counts

---

[1] This Court previously took judicial notice of the state court records from Berry's criminal case and two state habeas cases, and neither party objected to this Court doing so. Doc. 7 at 1 n.1. This Court draws the facts from the judicially noticed state court records, Respondents' statement of undisputed material facts, Doc. 16, and Berry's response, Doc. 17.

1

of aggravated incest; solicitation of a minor; and three counts of simple assault. Berry entered into a plea agreement and appeared before State Circuit Court Judge Susan Sabers for a change of plea hearing. As part of the plea agreement, the prosecutor filed a complaint and an information charging Berry with attempted sexual contact with a child under age sixteen and abuse or cruelty to a minor. The plea agreement capped the sentence for attempted sexual contact at five years and the sentence for abuse or cruelty to a minor at seven-and-a-half years. It gave the court discretion to make the sentences concurrent or consecutive.

At the change of plea hearing, Judge Sabers advised Berry of his rights and detailed the charges to which he was pleading guilty. Doc. 14-1 at 2–8. Berry confirmed that he understood the rights he was waiving by pleading guilty and that he had discussed the effect of his plea with his lawyer. Doc. 14-1 at 8. The State then provided a factual basis for the charges, and defense counsel explained that Berry wanted to enter an Alford plea[2] to attempted sexual contact with a child under age sixteen even though he disputed that anything sexual occurred with K.M.B. Doc. 14-1 at 10–11. Defense counsel confirmed that he had told Berry how an Alford plea operates and said that while he didn't like his clients entering Alford pleas on sex offenses, the Alford plea was Berry's idea and Berry was getting a "significant benefit" under the plea agreement. Doc. 14-1 at 11–12. Judge Sabers then recounted Berry's charges under the indictment, explained that he faced

---

[2]Named after the Supreme Court's decision in North Carolina v. Alford, 400 U.S. 25 (1970), an Alford plea permits a defendant to plead guilty while maintaining his innocence. Berry's amended judgment and sentence state that he pleaded nolo contendere to attempted sexual contact with a child under age 16. At the change-of-plea hearing, however, Berry said that he was entering an Alford plea and maintained that he did not do anything "sexual" with K.M.B. Alford and nolo contendere pleas are similar, but some courts distinguish them on the ground that an Alford plea asserts innocence whereas a nolo contendere plea refuses to admit guilt. United States v. Mancinas-Flores, 588 F.3d 677, 681 (9th Cir. 2009); United States v. Tunning, 69 F.3d 107, 110–11 (6th Cir. 1995).

2

"life plus" in prison if convicted of those charges, and asked whether he was entering an <u>Alford</u> plea to avoid that possibility. Doc. 14-1 at 12–13. Berry replied:

> I don't understand what you're asking me because I didn't do that for that reason. I did that because I didn't do nothing sexual to my kid. I smacked her several times, like grabbed her. That's why I did it. I can't help the State wants to charge me with something that they couldn't prove and don't prove just because she's saying. It doesn't necessarily mean it's true. I know this is a hearsay statement. I mean come on. I mean she had plenty of time to tell people stuff. I mean I just have so many witnesses that, you know, oh my God. I just can't believe I'm sitting here talking about sex with my daughter.

Doc. 14-1 at 13. This prompted Judge Sabers to confirm that Berry knew the effect of entering an <u>Alford</u> plea:

> **The Court**: Well, you understand that your Alford plea will operate as a plea of guilty to attempted sexual contact? So on paper, it will read that you tried to have sexual contact with your daughter, the exact thing you're sitting here denying here today. Do you understand that?
> **Berry**: Yes.
> **The Court**: And that after today, you're [sic] plea of guilty sticks. We call it an Alford plea because it is basically a benefit of the bargain. You're getting out from under the more significant rape charges, but it is still a plea of guilty and I don't want you to be confused about that.
> **Berry**: Okay.
> **The Court**: You will be registering as a sex offender. You will be housed at the penitentiary with sex offenders. You will be treated as a sex offender on paper. It will show that you tried to have sexual contact with your daughter. Do you understand that?
> **Berry**: Yeah.
> **The Court**: So calling it an Alford here today does not alter any of that. Do you understand that?
> **Berry**: Yeah.
> **The Court**: Okay. Given that, you're asking me to accept your plea to attempted sexual contact as an Alford plea and your plea to the child abuse given your admission to quote, whacking her, closed quote?
> **Berry**: Yes, your honor.

3

Doc. 14-1 at 13–15. Judge Sabers then accepted Berry's pleas "based on the record before" her and her "conversations both in email and otherwise" with counsel. Doc. 14-1 at 15.

Judge Sabers ordered a psychosexual evaluation for Berry and ultimately sentenced him to twelve-and-a-half years in prison. Berry appealed his conviction and sentence to the Supreme Court of South Dakota; his sole argument was that there was an insufficient factual basis for his Alford plea to attempted sexual contact with a child under age sixteen. The Supreme Court of South Dakota summarily affirmed Berry's conviction in September 2018, finding his appeal "without merit."

## II.   Summary Judgment Standard

Courts employ summary judgment in habeas cases, Brandt v. Gooding, 636 F.3d 124, 132 (4th Cir. 2011); Clark v. Johnson, 202 F.3d 760, 764–65 (5th Cir. 2000), and the Federal Rules of Civil Procedure apply to habeas proceedings "to the extent that they are not inconsistent with" the applicable rules and statutes, Habeas Rule 12. Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56(a) places the burden initially on the moving party to establish the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986). Once the moving party has met that burden, the nonmoving party must establish that a material fact is genuinely disputed either by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute." Fed. R. Civ. P. 56(c)(1)(A), (B); Gacek v. Owens & Minor Distrib., Inc., 666 F.3d 1142, 1145–46 (8th Cir. 2012); see also Mosley v. City of Northwoods, 415 F.3d 908, 910 (8th Cir. 2005) (stating that a nonmovant may not merely

rely on allegations or denials). A party opposing a properly supported motion for summary judgment "may not merely point to unsupported self-serving allegations, but must substantiate his allegations with sufficient probative evidence that would permit a finding in his favor, without resort to speculation, conjecture, or fantasy." Reed v. City of St. Charles, 561 F.3d 788, 790–91 (8th Cir. 2009) (cleaned up and citations omitted). In ruling on a motion for summary judgment, the facts and inferences fairly drawn from those facts are "viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587–88 (1986) (quoting United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) (per curiam)).

**III.    Analysis**

Section 2254 of Title 28 allows a state inmate to collaterally attack his conviction and sentence as contrary to the United States Constitution. 28 U.S.C. § 2254. Under § 2254, federal courts may not grant relief on "any claim that was adjudicated on the merits" in state court unless the state court's resolution was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." § 2254(d).

Section 2254(d)'s text creates three steps for federal courts analyzing a substantive habeas claim. First, courts must determine whether the state court adjudicated the merits of the petitioner's claim. This step is important because § 2254(d)'s demanding standard of review only applies if the claim was adjudicated on the merits. When the state court did not resolve the claim on the merits, federal courts review the petitioner's claim de novo. Worthington v. Roper, 631 F.3d 487, 495 (8th Cir. 2011). Second, if the state court did adjudicate the claim on the merits, federal courts should determine whether there is "clearly established Federal law" governing the

petitioner's claim. Marshall v. Rodgers, 569 U.S. 58, 61 (2013) (per curiam) (cleaned up and citation omitted). This second step can be dispositive because a state court decision cannot be contrary to or an unreasonable application of clearly established federal law when there is no clearly established law to begin with. See Carey v. Musladin, 549 U.S. 70, 76–77 (2006) (holding that a state court decision was not contrary to or an unreasonable application of clearly established federal law where the issue raised by the petitioner was an "open question" under Supreme Court jurisprudence). Third, if the law governing the petitioner's claim is clearly established, federal courts must decide whether the state court's decision was "contrary to" or an "unreasonable application" of that law. This Court addresses these steps in turn.

### A. The Supreme Court of South Dakota Adjudicated the Merits of Berry's Claim

The Supreme Court of South Dakota's order affirming Berry's conviction constitutes an adjudication on the merits of his claim that there was an insufficient factual basis for his Alford plea to attempted sexual contact with a child under age sixteen. The court considered the briefs and the record and concluded that Berry's appeal was "without merit" because "the issues" were "clearly controlled by settled South Dakota law or federal law binding upon the states." Doc. 14-4. A state court need not explain its reasons for its decision to qualify as an adjudication on the merits, Harrington v. Richter, 562 U.S. 86, 100 (2011), and § 2254(d) "applies even where there has been a summary denial" of a petitioner's claim, Cullen v. Pinholster, 563 U.S. 170, 187 (2011). "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Harrington, 562 U.S. at 99.

Nothing in the parties' briefs or the Supreme Court of South Dakota's order suggests that the court decided Berry's appeal on procedural or other technical grounds. See Brown v. Luebbers,

6

371 F.3d 458, 461 (8th Cir. 2004) (en banc) (explaining that to qualify as an adjudication on the merits, the "state court's decision must be a judgment—an adjudication—on a substantive issue—the merits (as compared with a procedural or technical point)"). Nor is there any indication that the Supreme Court of South Dakota rejected Berry's appeal based on a state change-of-plea standard that is less demanding than what the United States Constitution requires. Because the Supreme Court of South Dakota adjudicated Berry's claim on the merits, he must show the court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d).

### B. It Is Unlikely that the Legal Principle Upon Which Berry Relies is Clearly Established

Courts deciding whether a legal principle is "clearly established" must focus on "the holdings, as opposed to the dicta" of the Supreme Court's decisions. Williams v. Taylor, 529 U.S. 362, 412 (2000); see also Thaler v. Haynes, 559 U.S. 43, 47 (2010) ("A legal principle is 'clearly established' within the meaning of this provision only when it is embodied in a holding of this Court."). Precedent from a federal court of appeals "does not constitute clearly established Federal law" and thus "cannot form the basis for habeas relief" under § 2254(d)(1). Parker v. Matthews, 567 U.S. 37, 48–49 (2012) (per curiam). Nor may circuit precedent "be used to refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule" that the Supreme Court has not announced. Marshall, 569 U.S. at 64. Nevertheless, this Court may consider Eighth Circuit cases to see "whether it has already held that a particular point in issue is clearly established by Supreme Court precedent." Marshall, 569 U.S. at 64. And conflicting authority from lower courts may be evidence that a rule is not clearly established. Carey, 549 U.S. at 76 (concluding that wide divergence by lower courts on an issue "reflect[ed] the lack of guidance" from the Supreme Court).

Berry's claim that a strong factual basis needed to accompany his plea rests on the Supreme Court's decision in Alford. The defendant in Alford faced a first-degree murder charge carrying the possibility of a death sentence. Alford, 400 U.S. at 26. He insisted that he was innocent but told the trial court that he was pleading guilty to second-degree murder to avoid the death penalty. Id. at 28. A federal habeas court ruled that the plea was involuntary because the defendant would not have pled guilty but for his fear of a death sentence. Id. at 30. The Supreme Court disagreed, holding that the "standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." Id. at 31. Although the Court recognized that an express admission of guilt accompanies most pleas, it concluded that the Constitution did not require such an admission for a plea to be knowing, voluntary, and intelligent. Id. at 37. The Court held that the defendant's plea was constitutional given "the strong factual basis for the plea demonstrated by the State and [the defendant's] clearly expressed desire to enter it." Id. at 38. It also included a footnote lauding some lower courts' approach to guilty pleas accompanied by claims of innocence:

> Because of the importance of protecting the innocent and of insuring that guilty pleas are a product of free and intelligent choice, various state and federal court decisions properly caution that pleas coupled with claims of innocence should not be accepted unless there is a factual basis for the plea, and until the judge taking the plea has inquired into and sought to resolve the conflict between the wavier of trial and the claim of innocence.

Id. n.10 (cleaned up and internal citations omitted).

It is debatable whether the Alford decision clearly established a constitutional requirement of a strong factual basis for guilty pleas accompanied by claims of innocence. There are Eighth Circuit cases saying that Alford requires a strong factual basis before courts may accept a guilty plea from a defendant who maintains his innocence. See Brownlow v. Groose, 66 F.3d 997, 998

n.2 (8th Cir. 1995) ("An <u>Alford</u> plea allows a defendant to plead guilty and consent to imposition of a sentence even though he may continue to proclaim his innocence. In such circumstances, the court accepting the plea must determine that there is 'strong evidence of actual guilt.'" (quoting <u>Alford</u>, 400 U.S. at 37)); <u>Cranford v. Lockhart</u>, 975 F.2d 1347, 1349 (8th Cir. 1992) (per curiam) (holding that a plea accompanied by a claim of innocence complied with <u>Alford</u> because there was "strong evidence" of the petitioner's guilt); <u>White Hawk v. Solem</u>, 693 F.2d 825, 829 (8th Cir. 1982) (citing <u>Alford</u> and saying that "[a]s long as there is in fact a strong factual basis supporting a guilty plea, it is valid even if the defendant protests his innocence"); <u>Wabasha v. Solem</u>, 694 F.2d 155, 157 (8th Cir. 1982) (stating that a "factual basis may be constitutionally required when the guilty plea is accompanied by claims of innocence" (citing <u>Alford</u>)); see also <u>Gregory v. Solem</u>, 774 F.2d 309, 312–13 (8th Cir. 1985) (applying <u>Alford</u> to habeas petitioner's claim that there was no factual basis for his guilty plea).

However, the Eighth Circuit has never held that <u>Alford</u> clearly established for purposes of § 2254(d)(1) that the Constitution requires that pleas accompanied by claims of innocence be supported by a strong factual basis. And not all lower courts read <u>Alford</u> as establishing such a requirement. In <u>Higgason v. Clark</u>, 984 F.2d 203 (7th Cir. 1993), Judge Easterbrook rejected a habeas petitioner's argument that <u>Alford</u> requires strong evidence of factual guilt:

> "If A then B" does not imply "if not-A then not-B." <u>Alford</u> tells us that strong evidence on the record can show that a plea is voluntary; it does not hold that *only* strong evidence on the record permits a finding of voluntariness. And it certainly does not imply that the factual-basis requirement of Fed. R. Crim. P. 11(f) and its state-law counterparts comes from the Constitution.

<u>Higgason</u>, 984 F.2d at 207. The Tenth Circuit reasoned similarly in <u>United States v. Keiswetter</u>, 860 F.2d 992 (10th Cir. 1988), stating that "Neither <u>Alford</u>, nor any case subsequent to <u>Alford</u>, suggests that 'strong evidence' is the only constitutionally adequate standard for the acceptance of

9

an Alford plea. The outer limits of the factual basis sufficient for an Alford plea have yet to be defined." Id. at 996 n.6; see also Arrington v. Minnesota, No. 19-1377 (MJD/BRT), 2020 WL 2841874, at *5 (D. Minn. Mar. 24, 2020) ("[N]ever has the Supreme Court stated in a way that leaves no room for fairminded disagreement that an adequate factual basis is constitutionally required for an Alford plea . . . ."); Crofford v. Rudick, No. CIV-10-279-F, 2010 WL 2899618, at *5 (W.D. Okla. June 11, 2010) (finding that the Alford decision "did not clearly establish a constitutional requirement of a factual basis for a guilty plea when a defendant protests his innocence").

This Court ultimately need not decide whether Alford clearly established a requirement of a strong factual basis for guilty pleas accompanied by claims of innocence. As explained in the next section, Berry is not entitled to relief even if Alford established such a requirement.

### C. The Supreme Court of South Dakota's Decision was not Contrary to or an Unreasonable Application of Clearly Established Federal Law

The Supreme Court of South Dakota's decision was not contrary to or an unreasonable application of clearly established law even if Alford requires that a strong factual basis support Berry's plea. The "contrary to" and "unreasonable application of" clauses of § 2254(d)(1) present distinct questions. Bell v. Cone, 535 U.S. 685, 694 (2002). A state court's decision is "contrary to" clearly established federal law if it reaches "a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." Williams, 529 U.S. at 412–13. "[A] state-court decision involves an unreasonable application of [Supreme Court] precedent if the state court identifies the correct governing legal rule from [the Supreme Court's] cases but unreasonably applies it to the facts of the particular state prisoner's case." Id. at 407. When, as here, the state court does not issue a reasoned decision, a federal habeas court "must determine

what arguments or theories . . . could have supported the state court's decision." Richter, 562 U.S. at 102.

The Supreme Court of South Dakota's decision does not violate § 2254(d)(1)'s "contrary to" clause; the decision is not at odds with a Supreme Court case with materially indistinguishable facts, and nothing suggests that the Supreme Court of South Dakota applied an incorrect rule of law to Berry's appeal. Berry must therefore show that the decision unreasonably applied Supreme Court precedent to his case. To succeed under this clause of § 2254(d)(1), Berry must show that "there was no reasonable basis" for the Supreme Court of South Dakota's decision. Cullen v. Pinholster, 563 U.S. 170, 188 (2011) (cleaned up and citation omitted). Or, put a bit differently, he must show that the decision was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington, 562 U.S. at 103. Showing that the decision was incorrect or even clear error is not enough. Lockyer v. Andrade, 538 U.S. 63, 75 (2003).

The Supreme Court of South Dakota did not unreasonably apply Alford. A conviction under South Dakota law for attempted sexual contact with a child under the age of sixteen requires five elements: (1) the defendant knowingly attempted to engage in sexual contact with the victim; (2) the victim was not the defendant's spouse; (3) the defendant was sixteen years of age or older; (4) the victim was under sixteen years of age; and (5) the defendant was at least five years older than the victim. S.D.C.L. § 22-22-7; State v. Bariteau, 884 N.W.2d 169, 175–76 (S.D. 2016); State v. Deal, 866 N.W.2d 141, 148–49 (S.D. 2015). At the change of plea hearing, the prosecutor gave K.M.B.'s date of birth (a date in March of 1999) and described how, in the fall of 2016, K.M.B disclosed to police that Berry had sexually abused her over the past five years, beginning when she was 12 and continuing until she was 17. Doc. 14-1 at 10. During an interview with Child's

Voice,³ the prosecutor explained, K.M.B. disclosed having had vaginal sexual contact and sexual intercourse with Berry. Doc. 14-1 at 10. K.M.B. also showed police text messages between her and Berry that were sexual in nature, the prosecutor said. Doc. 14-1 at 10. These messages discussed Berry using plastic baggies as a contraceptive. Doc. 14-1 at 10. The factual basis provided by the prosecution might not have been overwhelming, but the Supreme Court of South Dakota could have reasonably concluded that it satisfied any requirement in Alford for "strong" evidence of Berry's guilt. This is particularly true given that the Supreme Court has never explained just how "strong" the factual basis for an Alford plea must be. See Harrington, 562 U.S. at 101 (explaining that the more general the legal rule at issue, "the more leeway courts have in reaching outcomes in case-by-case determinations" (citation omitted)). In short, the Supreme Court of South Dakota's decision was not "so lacking in justification" as to constitute error "beyond any possibility for fair minded disagreement." Id. at 103.

Moreover, there was other evidence in the record of Berry's guilt. The affidavit supporting Berry's arrest warrant provided a more detailed version of the factual basis. Habeas Case, 18-3398, at p. 3–5. It also described K.M.B.'s disclosure that Berry kept the Great Value brand sandwich bags he sometimes used as a contraceptive when raping her in the upper left portion of his closet and that she had hidden the plastic baggie Berry used as a contraceptive during their most recent sexual encounter underneath the spare tire in her car. Habeas Case, 18-3398, at p. 3–5. The officer who drafted the affidavit averred that he found a bag containing what appeared to be ejaculate underneath the spare tire in K.M.B.'s car as well as the Great Value sandwich bags in Berry's closet. Id. This affidavit was part of the record when Berry entered his Alford plea, and

---

³"Child's Voice is a medical evaluation center where children are evaluated for possible physical and sexual abuse." State v. Brende, 835 N.W.2d 131, 135 n.1 (S.D. 2013).

Judge Sabers said that she found a factual basis for Berry's plea "based on the record before" her. Habeas Case, 18-3398, at p. 3–5; Doc. 14-1 at 15.

The police reports and the Child's Voice interview filed in Berry's criminal case after Judge Sabers accepted his <u>Alford</u> plea contained further evidence that he sexually abused K.M.B.[4] See Doc. 14-5 at 18–19; Doc. 14-6 at 17; see also Habeas Case, 18-3398, at p. 88–192. Police reports recount K.M.B.'s disclosures that Berry raped her on the porch of their house on Christmas Eve in 2013, raped her in their home when she was 15 after giving her wine coolers, and raped her on Valentine's Day in 2015 after purchasing her some special underwear. Habeas Case, 18-3398, at p. 179, 180. K.M.B. also showed the police text messages from Berry discussing his masturbating, having to wear "bags", and the bags giving K.M.B. infections. Habeas Case, 18-3398, at p. 135. In the Child's Voice interview, K.M.B. described how Berry began showing her pornography when she was 12, used condoms or plastic sandwich bags as contraceptives when raping her, and forced her to engage in oral sex with him.[5] Habeas Case, 18-3398, at p. 151. The reports and interview were included in the record for Berry's appeal to the Supreme Court of South Dakota, and the State argued that these documents were further evidence that a strong factual basis supported Berry's <u>Alford</u> plea.[6] Doc. 14-6 at 17–18.

Berry argues that the factual basis was insufficient because the prosecutor did not introduce any DNA evidence, a rape kit, or sworn testimony, instead relying solely on K.M.B.'s allegations.

---

[4]These police reports and the Child's Voice interview were filed in the record as part of the psychosexual evaluation Judge Sabers ordered for Berry. See Doc. 14-5 at 18–19; Doc. 14-6 at 17; see also Habeas Case, 18-3398, at p. 88–192.

[5]K.M.B. also made a statement at Berry's sentencing. Habeas Case, 18-3398, at p. 238–251. She described how Berry had been raping her since she was 11 and the effect this had on her. <u>Id.</u>

[6]The State does not rely on the police reports and Child's Voice interview in its motion for summary judgment. Doc. 14. When discussing the facts of Berry's case, however, the State does cite to the affidavit submitted in support of Berry's arrest warrant. See Doc. 14 at 2–3; Doc. 14-2 (affidavit supporting arrest warrant); Habeas Case, 18-3398, at p. 3–5.

Doc. 1 at 5; Doc. 10.[7] But a prosecutor need not introduce evidence corroborating a victim's testimony to sustain a conviction for sexual abuse. See United States v. Gabe, 237 F.3d 954, 961 (8th Cir. 2001) (holding that victim's testimony was enough to sustain a conviction for sexual abuse despite the lack of any corroborating evidence). More importantly, Berry's arguments about certain evidence not being introduced at the change of plea hearing fall far short of showing that the Supreme Court of South Dakota unreasonably applied Alford. Even if Alford requires "strong" evidence of guilt, it did not specify the form such evidence must take or establish that certain types of evidence are always required. Berry also claims that K.M.B. is not credible for several reasons. Doc. 10; Doc. 17-1 at 1–2. As the Eighth Circuit recognized long ago, however, an assertion that the prosecution's witnesses are lying is implicit in almost every Alford plea. United States v. White, 724 F.2d 714, 716 (8th Cir. 1984) (per curiam). Berry could have gone to trial if he felt K.M.B.'s testimony was unbelievable. Id.

Berry also seems to argue that the factual basis was insufficient because it discussed him having sexual intercourse with K.M.B. rather than the less serious crime of attempted sexual contact. Doc. 10 at 1–2. Of course, a person engaging in repeated episodes of sexual intercourse with a minor necessarily must be intending and attempting sexual contact.[8] Berry of course

---

[7]Berry cites to South Dakota's Rules of Criminal Procedure in support of his argument that the factual basis was insufficient. Doc. 10 at 2; Doc. 17 at ¶ 7. But South Dakota's procedural rules requiring a factual basis for a plea do not come from the Constitution, Higgason, 984 F.2d at 207, and a violation of these rules cannot support habeas relief, Cranford, 975 F.2d at 1349 (holding that state court's failure to comply with a state rule of criminal procedure requiring a factual basis for a guilty plea did not warrant habeas relief); Estelle v. McGuire, 502 U.S. 62, 67–68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.").
[8]This Court recognizes that the statute under which Berry pleaded guilty to *attempted* sexual contact with a child under age sixteen addresses crimes that are not actually completed. S.D.C.L. § 22-4-1.

received a significant benefit under the plea agreement in being allowed to enter an <u>Alford</u> plea to the lesser charge of attempted sexual contact. Berry's argument of an insufficient factual basis for attempted sexual contact with K.M.B. when there was a factual basis for sexual intercourse does not render the Supreme Court of South Dakota's decision objectively unreasonable.

Finally, Berry claims that he did not understand that an <u>Alford</u> plea "was a guilty plea," Doc. 17 at ¶ 3, and that he never wanted to enter into the plea agreement, Doc. 10 at 2. The record belies this claim. Berry confirmed at the change of plea hearing that the <u>Alford</u> plea was his idea, that he understood that his <u>Alford</u> plea would operate as a guilty plea, and that he still wanted Judge Sabers to accept his <u>Alford</u> plea. Doc. 14-1 at 12–14; Doc. 16 at ¶¶ 6, 8; Doc. 17 at ¶¶ 6, 8. Berry's statements at the change of plea hearing "carry a strong presumption of verity," and Berry has not rebutted this presumption. <u>Nguyen v. United States</u>, 114 F.3d 699, 703 (8th Cir. 1997) (cleaned up and citation omitted). Given the facts in the record suggesting that Berry sexually abused K.M.B., Berry's statements during the change of plea hearing, and the significant benefit Berry received under the plea agreement, the Supreme Court of South Dakota could have reasonably concluded that Berry's plea was knowing, voluntary, and intelligent.

### D. Certificate of Appealability

A petitioner cannot appeal a final order denying a § 2254 petition without a certificate of appealability. 28 U.S.C. § 2253(c). A district court cannot grant a certificate of appealability unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this standard, the "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000). Because reasonable jurists would not find this

15

Court's rejection of Berry's claim wrong or debatable, this Court will not issue a certificate of appealability.[9]

### IV.   Conclusion

For the reasons stated above, it is hereby

ORDERED that Respondents' Motion for Summary Judgment, Doc. 13, is granted. It is further

ORDERED that Berry's Petition for Writ of Habeas Corpus, Doc. 1, is dismissed. It is further

ORDERED that no certificate of appealability shall issue.

DATED this 7th day of January, 2022.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE

---

[9] This Court already denied a certificate of appealability for the claims on which Berry procedurally defaulted. Doc. 7 at 18; see Khaimov v. Crist, 297 F.3d 783, 786 (8th Cir. 2002) (discussing the standard for a certificate of appealability on claims that are procedurally defaulted).